■ In the Matter of NAVRON PONDS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [840 NYS2d 727]—

Per Curiam. Respondent was admitted to practice by this Court in 1999. His last known address is in Maryland.

By order dated January 29, 2004, the Court of Appeals of Maryland disbarred respondent. He had been admitted to the Maryland bar in 1996. The Maryland order was based on respondent's conviction in April 2002 in the United States District Court for the District of Maryland of federal criminal contempt (*see* 18 USC § 401 [1]). Respondent was sentenced to four months of community confinement at a halfway house, 100 hours of community service, and two years of probation. The Maryland order also noted respondent's disbarments subsequent to his conviction in the United States District Courts for the District of Maryland and the District of Columbia and in Pennsylvania, and his suspension in the District of Columbia. In May 2007, respondent was convicted in the United States District Court for the District of Columbia of two counts of willful failure to pay/file federal income taxes (*see* 26 USC § 7203).

Petitioner moves for an order imposing reciprocal discipline upon respondent pursuant to this Court's rules (*see* 22 NYCRR

806.19) based on respondent's disbarment in Maryland or, in the alternative, for a final order of discipline based on his criminal convictions, pursuant to Judiciary Law § 90 (4) (g). Respondent has not appeared in response to the motion.

We grant petitioner's motion to impose reciprocal discipline. We further conclude that, in the interest of justice, respondent should be disbarred.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion to impose reciprocal discipline is granted; and it is further ordered that respondent is reciprocally disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).